UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

DION T. EDWARDS,

        Plaintiff,

   v.

OFFICE OF THE ESSEX COUNTY
PROSECUTOR et al.,

        Defendants.

Hon. Stanley R. Chesler, U.S.D.J.
Civil Action No. 13-3710 (SRC)

**OPINION & ORDER**

---

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil procedure 12(b)(6), by Defendant Essex County Sheriff's Office (the "Sheriff's Office"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part.

This dispute arises from the lawsuit by Plaintiff Dion T. Edwards against various defendants, including the Sheriff's Office and unnamed "John Doe" Sheriff's Officers. The Complaint, in brief, alleges that unidentified officers (both from the Sheriff's Office and from other police departments) threw Plaintiff to the ground and struck him repeatedly with a protective shield, injuring him, during the execution of an arrest warrant seeking another person. The Complaint asserts seven claims: 1) deprivation of Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983; 2) conspiracy to deprive Plaintiff of his constitutional rights; 3) extreme indifference to the violation of his constitutional rights; 4) failure of the public entity defendants

to properly train and supervise the unidentified officer defendants; 5) intentional assault; 6) negligent assault; and 7) liability of the entity defendants for failure to train and supervise their employees, as well as under the doctrine of *respondeat superior*.

Although this Opinion has just summarized the factual allegations in the Complaint, the Complaint actually offers very little more in the way of factual allegations than described. Although the Complaint asserts facts which make plausible claims against the unidentified officers who are alleged to have thrown down and struck Plaintiff, the Complaint alleges no facts which support the claims against the Essex County Sheriff's Office for failure to train or supervise, or for showing extreme indifference to the violation of Plaintiff's rights, or for liability under *respondeat superior*. The claims against the Essex County Sheriff's Office are supported only by purely conclusory allegations. The Sheriff's Office has moved to dismiss the Complaint, contending that it fails to meet the Supreme Court's pleading requirements.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 1965 (internal citations omitted).

The Sheriff's Office is entirely correct that the Complaint asserts absolutely no factual allegations which might support any claims against it. The only facts asserted in the Complaint that have a tie to the Sheriff's Office are the statements that Plaintiff was injured by unidentified officers, who may have been Sheriff's Officers. There is nothing else there.

The Complaint seeks to find the Sheriff's Office liable for Plaintiff's alleged injuries under a number of theories: 1) failure to train and supervise; 2) direct deprivations of constitutional rights; and 3) deliberate or reckless indifference toward Plaintiff. These theories are supported only by purely conclusory pleading, unsupported by any factual allegations, that cannot pass muster after Twombly. There are no facts alleged to even suggest liability by the Sheriff's Office, whether on a failure to supervise theory, deliberate indifference, or any other legal theory. The Complaint contains no factual allegations about any specific person, policy, or practice associated with the Sheriff's Office with the exception of the officers who directly injured Plaintiff.

The Sheriff's Office's motion to dismiss the Complaint will be granted to the extent that all claims against the Sheriff's Office itself will be dismissed without prejudice. As to all claims against the John Doe Sheriff's Officer Defendants who allegedly physically injured Plaintiff, the motion to dismiss will be denied.

For these reasons,

**IT IS** on this 7th day of February, 2014

**ORDERED** that the Sheriff's Office's motion to dismiss the Complaint (Docket Entry

No. 4), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED** in part and **DENIED** in part; and it is

    **ORDERED** that, as to all claims in the Complaint against the Sheriff's Office, the motion to dismiss is **GRANTED**, and those claims are hereby dismissed without prejudice; and it is further

    **ORDERED** that, as to all claims in the Complaint against the John Doe Sheriff's Officer Defendants who allegedly directly physically injured Plaintiff, the motion to dismiss will be **DENIED**.

                                                      s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.